IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BILLY J. SMITH**                                                                       **PLAINTIFF**

**V.**                                                     **CAUSE NO. 3:16-CV-00902-CWR-LRA**

**PERFORMANCE CONTRACTORS, INC.**                          **DEFENDANT**

**ORDER**

Before the Court is the defendant's motion to dismiss for insufficiency of service of process. Docket No. 10. The motion is denied for the reasons stated below.

**I.     Procedural Background**

This action was instituted in the United States District Court for the Northern District of Mississippi, where the plaintiff filed a motion to appoint counsel and to proceed to *in forma pauperis* (IFP). Docket No. 1. On October 13, 2016, Magistrate Judge David Sanders granted the plaintiff IFP status, but denied his motion to appoint counsel. Docket No. 4. The complaint was filed that same day. Docket No. 5.

The case was transferred, *sua sponte*, to this Court a little over a month later. Docket No. 8. On February 21, 2017, the defendant filed this motion to dismiss, asserting that it had not been served with process. The plaintiff, acting *pro se*, has responded. Docket No. 12.

**II.    Discussion**

Ordinarily, a plaintiff must serve process upon the defendant within 90 days after filing the complaint or risk dismissal. Fed. R. Civ. P. 4(m). It is undisputed that timely service has not been effected in this action. But the plaintiff's IFP status triggered special procedural rules. *See* 28 U.S.C. § 1915(d).

"[O]nce [an] IFP plaintiff has taken reasonable steps to identify the defendant(s), together Rule 4 and 28 U.S.C. § 1915 require the court to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants." *Howard v. Shelton*, 277 F.R.D. 168, 171 (S.D. Miss 2011).

The Magistrate Judge ordered the Marshals Service to serve process upon the defendant at the address provided in the complaint. Docket No. 4. Although the Clerk issued process, there is no indication in the record that the Marshals Service ever attempted to serve the defendant. *See* Docket No. 6. Consequently, the fact that the defendant has not been served does not appear to be the plaintiff's fault, so he should not be penalized. *See Sanchez v. Perez*, 96 F.3d 1445, 1445 (1996).

## III. Conclusion

Accordingly, the motion to dismiss is denied. Rule 4(m)'s 90-day period will start anew from April 10, 2017. Since the defendant has appeared in this matter through counsel and counsel has notice of the complaint, the defendant may waive his right to formal service of process. *See* Fed. R. Civ. P. 12(h). Waiving service would allow this case to proceed without any undue delay and without expense to the government. If the defendant agrees to waive service, it shall inform the Court and the plaintiff by filing a notice of the waiver with service to the plaintiff on or before Monday, April 10, 2017. Under those circumstances, the defendant shall then file its answer or responsive pleading on or before May 10, 2017.

If the defendant elects not to waive its right to be served with the summons and complaint, the Clerk of the Court is directed to issue process on or after April 11, 2017, for the defendant in this case, whose last known address can be found in the complaint. *See* Docket No.

2

5.  The United States Marshals Service shall then serve process upon the defendant pursuant to 28 U.S.C. § 1915(d).

**SO ORDERED**, this the 6th day of April, 2017.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
